## SHIRLEY *v.* SANDERSON.

*(Circuit Court, S. D. New York. February 15, 1881.)*

1. LETTERS PATENT—IMPROVEMENT IN LAMP CHIMNEYS.
   Reissued letters patent, granted May 8, 1877, to Frederick S. Shirley, for an improvement in lamp chimneys, are valid.

2. SAME—AFFIRMATIVE DEFENCE—BURDEN OF PROOF.
   The burden of proof is on the defendant to establish his affirmative defence beyond a reasonable doubt.

*F. Frank Brownell,* for plaintiff.

*George R. Dutton,* for defendant.

BLATCHFORD, C. J. This suit is brought on reissued letters patent granted to the plaintiff May 8, 1877, for an "improvement in lamp chimneys," the original patent having been granted to Robert K. Crosby, as inventor, July 14, 1868. The specification of the reissue says that the invention—

"Consists in enlarging the chimney at right angles, or nearly right angles, at or nearly on a level with the flame, and giving the upper part of the chimney a conical form from this enlargement to the top, for the purpose of securing a larger and steadier flame, and making a shorter chimney."

It proceeds:

"A represents any chimney which has a circular flange or lip made on its lower end, for fitting down over and around the burner. This flange or lip, B, is here shown as perfectly straight, and adapted to one form of burner only; but it is evident that this part of the chimney may be made with the outwardly turned flange, so as to fit other common burners. At or nearly on a

level with the flame, the chimney is abruptly enlarged outward, at or nearly at right angles, to any suitable degree, so as to afford a larger space for the flame to spread in; and this horizontal portion, *c*, forms a radiating surface, through which the light is freely reflected downward from this enlargement. The chimney tapers upwards towards the top at any suitable angle, where it may be of any desired size, the sides forming straight or nearly straight lines. By the above-described construction an unusually large and expanded flame is produced, which is not only very steady, but not easily blown out by a blast of air. The conical contraction upwards makes the draft regular and free from eddies, and, should a puff of smoke suddenly start upwards, it is not thrown against the inside of the chimney, but passes out freely without coming in contact therewith."

The claim is as follows:

"A lamp chimney having an abrupt or nearly right-angled enlargement on, or nearly on, a level with the flame, in combination with the conical sides and contracted opening at the top, substantially as set forth."

It is plain that the abrupt enlargement is required to be about on a level with the flame. In the drawing this result is secured by having a straight circular flange on the lower end of the chimney, which raises it up so that the abrupt enlargement is about on a level with the flame. If the chimney were sunk by dispensing with the straight flange, so as to bring the abrupt enlargement substantially below the level of the flame, the structure would not be within the claim.

The defence in the case is alleged want of novelty. Mayer testifies that while he was in the employment of Christopher Dorflinger, a glass manufacturer, from 1852 to 1862, Dorflinger made and sold "thousands of dozens" of lamp chimneys "having an abrupt right-angled, or nearly so, enlargement at or nearly on a level with the flame, with straight conical sides and contracted opening at the top;" and that they were packed and shipped away to customers. Not a chimney then made is produced, but a chimney freshly made (No. 5) is produced as showing what he says was then made. It is a chimney which contains the plaintiff's invention, if used with the enlargement about on a level with the flame. Mayer says that three sizes of the same shape were made by Dorflinger; that they were made in 1858 and part of 1859, by Dorflinger; and that they were made and sold from 1865 on by the witness and one Koelsch, as Mayer & Koelsch. He says that those made by Mayer & Koelsch had a lip on the bottom— that is, a horizontal lip, extending outwardly from the bottom of the straight circular flange; that they were made by Mayer & Koelsch for Henry Russell & Co., from wood models furnished by the latter, and were not made by them for any one else; and that they made about 2,000 packages of them from 1865 on, for at least 10 years. Mayer &

Koelsch were both of them in the employ of Dorflinger in 1858 and 1859. Russell testifies that as early as 1865 Mayer & Koelsch made lamp chimneys for Henry Russell & Co. almost precisely like No. 5, but with a shorter neck than No. 5, and with a lip at the base; that they made that shape for two years; that T. D. Moore & Co., a firm with which he (Russell) was clerk, bought in 1860 and 1861, from Dorflinger & Co., chimneys like No. 5, without the lip, which were used for the Dietz burner; and that Moore & Co. had such burners made for two years or more. When asked to give the names of parties to whom they were sold, he names Stanford & Co., of San Francisco and Melbourne, but no others. He testifies that those Russell & Co. had made by Mayer & Koelsch were fitted for other kinds of burners than the Dietz burner. None of these old chimneys are produced. No books or papers are produced containing any record evidence as to the shapes of these old chimneys. No testimony of any customer who bought any of them from Dorflinger, or from Russell & Co., is produced. Everything depends on unaided memory as to exact shape. Dorflinger, although his name is set up in the answer, was not produced, and no sufficient excuse was shown for not producing him.

Testimony to rebut this evidence of Mayer and of Russell appears in the case. Schneider, who says that he is acquainted with all chimneys which have been sold largely since 1861, says he never saw one like No. 5; that he sold the Dietz burner in large quantities, and chimneys for it; and that a bulb chimney was used for it, and no other chimney, so far as he knew. Tripp, familiar with chimneys from 1863, says he never saw a chimney like No. 5 before or during 1865; that he is familiar with the Dietz burner, and never saw any chimney like No. 5 sold in connection with that burner; and that prior to 1867 the shape the nearest he saw to the shape of No. 5 was a bulb chimney, with a lip instead of a neck. Dietz, who made the Dietz burner, says he never knew of chimneys like No. 5 being sold in connection with it. Brox, who worked blowing glass for Dorflinger, in Dorflinger's factory, from 1857 to 1860, and from 1861 to 1866, says he does not remember seeing there a chimney like No. 5, with a square shoulder; that Mayer was employed in making pots for Dorflinger, in the pot-room; and that the only chimneys Dorflinger made were bulb chimneys and straight tubes. Morey, a dealer in lamp chimneys from 1858, says that he does not know any chimney like No. 5, and that he never saw any chimney like Crosby's before Crosby's was introduced. Crosby, the inventor, acquainted with the lamp and chimney business since 1855, in Boston, New York, New Bedford,

Philadelphia, Pittsburgh, and Wheeling, says he never saw or heard of a chimney with the abrupt enlargement before his. Martin, acquainted with the lamp shade and chimney business for 30 years, in Boston and New York, and in New Jersey, and acquainted with the chimneys in the New York market from 1863 to 1867, says he never saw any chimney like No. 5 in the market. The plaintiff, familiar with lamp chimneys from 1864, says that no chimney with an abrupt enlargement at the base was introduced to the trade before 1873. In regard to chimneys alleged by Russell to have been sold to Stanford & Co., of San Francisco, Day, who has been acquainted with the lamp-chimney trade there since 1855, gives sketches of all the chimneys known in the San Francisco market from 1858 to 1868. No one of them is shown to contain the patented invention.

It is contended, for the defendant, that the positive testimony of Mayer and of Russell ought to outweigh the negative testimony in reply. The burden of proof is on the defendant to establish affirmatively the defence of want of novelty beyond a reasonable doubt. It is apparent that a chimney with a right-angled enlargement too low down does not meet Crosby's invention; and the evidence tends to show that all the chimneys made for Russell & Co. had short necks and lips, and that the enlargement was not up as high as the flame. The evidence also tends to show that the chimneys testified to as made by Dorflinger were bulb chimneys, for the Dietz burner, and not like Crosby's. On the whole evidence, it must be held that the defence is not established.

The testimony of Gillinder, Weidner, Bennett, and Brady was properly objected to as not rebutting, and because no foundation was laid in the answer for their evidence. Besides, it does not appear that either No. 6 or No. 7, or the Stella chimney, contains Crosby's invention.

The invention is shown to be useful, and infringement is proved. There must be a decree for the plaintiff and for a reference as to profits and damages; and for a perpetual injunction, with costs.